10-551-ag
Sela v. Holder

BIA
A095 476 225

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

RESHIT SELA,
> *Petitioner*,

> v.                                             10-551-ag
> > > > > > > > > > > > > > > > > > > > > > NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:     Sam Gjoni, New York, N.Y.

FOR RESPONDENT:     Tony West, Assistant Attorney General;
Terri J. Scadron, Assistant Director;
Micheline Hershey, Attorney, Office of
Immigration Litigation, Civil Division,
United States Department of Justice,
Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Reshit Sela, a native of the former Yugoslavia and citizen of Macedonia, seeks review of a January 14, 2010 order of the BIA denying his motion to reopen. *In re Reshit Sela*, No. A095 476 225 (B.I.A. Jan. 14, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Here, because Sela filed his motion to reopen more than 90 days after the BIA issued a final order of removal in his case, he was required to show changed circumstances in Macedonia to excuse the untimely filing. *See* 8 U.S.C. § 1229a(c)(7)(C)(i), (ii). The BIA reasonably found that Sela did not demonstrate changed country conditions.

2

As an initial matter, the BIA did not abuse its discretion in declining to consider Sela's evidence describing his desertion from the Macedonian army because he did not establish that the evidence was new and could not have been presented in his original hearing. *See* 8 C.F.R. § 1003.2(c)(1) ("A motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.").

Although Sela submitted with his motion to reopen evidence detailing police abuse and discrimination against ethnic Albanians, he had submitted similar evidence of mistreatment in his original proceedings. Thus, the BIA reasonably concluded that his evidence did not indicate *changed* conditions, but rather a continuation of the same mistreatment. *See Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("[W]e compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). The BIA also reasonably found that Sela's evidence of a change in Macedonia's draft law did not establish a material change in country conditions, because the agency in Sela's underlying

3

proceeding had already determined that Sela's fear of punishment under Macedonia's draft laws would not establish his eligibility for asylum as it was not on account of a protected ground.  *See Jian Hui Shao*, 546 F.3d at 168 (affirming denial of motion to reopen where petitioner's evidence failed to establish "a reasonable possibility that [the petitioner] would face enforcement amounting to persecution").

Thus, the BIA did not abuse its discretion in denying Sela's motion to reopen as untimely.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i),(ii).  Accordingly, we do not address Sela's remaining arguments on appeal, which in effect seek reconsideration of the agency's denial of his original claim that he established his eligibility for asylum based on past persecution.

For the foregoing reasons, the petition for review is DENIED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

4